UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

Eric Lichtenthal,

                Plaintiff,                    **Hon. Hugh B. Scott**

                                          06CV723A

                                              **Report**
             v.                          **& Recommendation**
                                               **and**
                                               **Order**

County of Erie, et al.,

                Defendants.

Before the court are the defendants' respective motions for summary judgment (Docket Nos. 20 and 43). In this case, the plaintiff asserts that his civil rights were violated when he was wrongfully arrested for driving while intoxicated ("DWI"). In response to the instant motions, the plaintiff argues that the motions are premature and that additional discovery is necessary to properly respond. In particular, the plaintiff asserts that depositions of the defendants have not yet been taken. (Docket No. 51 at ¶¶ 6-9). It appears that the depositions of defendants Luno and Ellis were to be taken on August 31, 2007 – the same date as the deposition of the plaintiff. The plaintiff contends that the depositions did not take place because the defendants became aware of the existence of transcripts of Ellis' testimony in the state court criminal prosecution of Lichtenthal and requested the adjournment of the depositions until after the transcripts had been produced. (Docket No. 51 at ¶¶ 5-6). According to the defendants, the depositions did not take place on that date because the plaintiff failed "to fully disclose statements given by the defendants, as well as the hearing transcripts" which had been requested in prior discovery.

(Docket No. 55 at ¶¶ 7-8).  The defendants oppose any continuation regarding the motions or the reopening of discovery.  The defendants note that the discovery cutoff in this case was November 30, 2007, that the plaintiff did not make an attempt to reschedule the depositions until after the discovery cutoff date, and that the plaintiff had not sought any amendment of the scheduling order.  The defendants acknowledge that they did consent to schedule the depositions after the discovery cutoff but before the dispositive motions deadline date (February 1, 2008), and that due to "an illness/surgery attributable" to Ellis, the depositions did not take place. (Docket No. 55 at 8-10).

Although the plaintiff's diligence in pursuing this claim is subject to challenge, it is preferable that the merits of the instant motions be determined upon a full and adequate record.  It is recommended that the instant motions for summary judgment be denied without prejudice subject to being renewed after a brief extension for the completion of discovery.

**The parties shall have until September 30, 2008 to complete all outstanding discovery in this case, including the depositions of the defendants.  Dispositive motions may be renewed, by letter if appropriate, on or before October 31, 2008.**

Pursuant to 28 U.S.C.  §636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within ten(10) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, as well as W.D.N.Y.  Local Rule 72(a)(3).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME,  OR TO REQUEST AN EXTENSION OF TIME TO FILE OBJECTIONS, WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT ORDER BY THE DISTRICT COURT ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.**  Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed2d 435 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d. Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988); see also 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, and W.D.N.Y.  Local Rule 72(a)(3).

Please also note that the District Court, on *de novo* review, will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance.  See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y.  Local Rule 72.3(a)(3), "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  **Failure to comply with the provisions of Rule 72.3(a)(3)may result in the District Court's refusal to consider the objection.**

So Ordered.

*/s/ Hugh B. Scott*
United States Magistrate Judge
Western District of New York

Buffalo, New York
August 15, 2008